NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FRANSWA SHAMMAM, | No.    15-56418 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-01905- WQH-NLS |
| v. | |
| DANIEL PARAMO, Warden; KAMALA HARRIS, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted September 1, 2016
Pasadena, California

Before:    TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

California state prisoner Franswa Shammam appeals from the district court's

denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C.

§ 2254.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In 2008, Shammam was charged with the 1994 murder of David Binno.[1]

Shammam's first trial ended in a mistrial because of a hung jury. Following a second trial, a jury convicted Shammam of murder in the first degree. The trial court sentenced him to a prison term of twenty-five years to life, plus a four-year enhancement for use of a firearm.

During the course of the trial proceedings, Shammam thrice moved to dismiss the charges against him on the ground that the fourteen-year delay between the murder and his indictment violated his due process rights. The trial court rejected the claim each time. Shammam raised the pre-indictment delay/due process issue in his direct appeal. The California Court of Appeal affirmed his conviction. He then filed this federal habeas petition based solely on the alleged due process violation. The district court denied the petition. Shammam now timely appeals.

We review *de novo* a district court's denial of a petition for a writ of habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Under § 2254, we review the "last reasoned decision" by a state court denying relief. *Avila v.*

---

[1] In California, there is no statute of limitations for murder, which is punishable by death or life imprisonment. Cal. Penal Code § 799.

*Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). The last reasoned decision in Shammam's case is the decision of the California Court of Appeal.

The Antiterrorism and Effective Death Penalty Act, which governs this proceeding, provides that we may grant the writ only if the state court decision: (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**1.** Shammam first argues that the Court of Appeal's decision was contrary to federal law because the Court of Appeal took into account the seriousness of the offense in assessing whether Shammam's due process rights were violated, and no Supreme Court decision instructs courts to consider such a factor.

A decision is contrary to clearly established federal law "if the state court applies a rule different from the governing law set forth in [United States Supreme Court] cases, or if it decides a case differently than [the United States Supreme Court] ha[s] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). The law governing the issue of whether a pre-indictment delay violates due process is set forth in *United States v. Lovasco*, 431 U.S. 783

(1977). *Lovasco* reaffirmed that, although statutes of limitations "provide the primary guarantee[] against bringing overly stale criminal charges[,] . . . the Due Process Clause has a limited role to play in protecting against oppressive delay." *Id.* at 789 (internal quotation marks and citations omitted). *Lovasco* instructs courts to "consider the reasons for the delay as well as the prejudice to the accused" in light of "fundamental conceptions of justice" and "the community's sense of fair play and decency," *id.* at 790 (internal quotation marks omitted), but declined to set out the precise parameters of a universally applicable test for when pre-indictment delay violates due process, *id.* at 796–97.

Here, the trial court weighed the justification for the delay against the prejudice Shammam suffered, as *Lovasco* instructs, and concluded no due process violation had occurred. The Court of Appeal reviewed and affirmed that result. Although the trial court also considered the fact that homicide is a particularly serious offense, the Court of Appeal explained that it understood the trial court to rely on the seriousness of the crime only as "additional support" for the proposition that no due process violation had occurred. The Court of Appeal's decision, which is the decision under review, does not rely on the seriousness of the offense in its own analysis.

But even if it did, as Shammam contends, Shammam has cited no clearly established United States Supreme Court precedent holding such consideration was improper. Indeed, because the *Lovasco* Court "could not determine in the abstract the circumstances in which preaccusation delay would require dismissing prosecutions," it declined to limit the due process inquiry and left "to the lower courts, in the first instance, the task of applying the settled principles of due process that we have discussed to the particular circumstances of individual cases." *Id.* at 797. Consideration of the seriousness of the offense would not be contrary to *Lovasco*.

**2.** Shammam next argues that because the record contains no evidence that police were actively investigating Binno's murder between 1996 and 2008, the Court of Appeal's conclusion that the pre-indictment delay was justified by a continuing investigation was based on an unreasonable determination of the facts.

A court makes an unreasonable determination of the facts if it "plainly misapprehend[s] or misstate[s] the record in making [its] findings." *Milke v. Ryan*, 711 F.3d 998, 1008 (9th Cir. 2013) (internal quotation marks omitted). Contrary to Shammam's characterization of the factual underpinnings of the state court decisions, the Court of Appeal did not rely on a finding that the investigation into Binno's murder was consistently *active* over the course of the pre-indictment

5

period.  Instead, the Court of Appeal "[a]ssum[ed] arguendo" that "no significant investigative activity occurred after 1996," but, nonetheless, concluded that the delay was justified.  The justification was the state's "good faith decision to not prosecute," and instead keep the investigation open, because it lacked probable cause to charge Shammam.  Shammam does not challenge that finding; therefore, he has not shown an unreasonable determination of the facts.

**3.**  Lastly, Shammam argues that the Court of Appeal unreasonably applied *Lovasco*'s balancing test because the investigation provided only minimal justification for the delay and the delay prejudiced him in various ways.  To warrant granting the writ, it is not enough for this court to "conclude[] in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Bell*, 535 U.S. at 694 (internal quotation marks and citations omitted).  The state court's application of the law must be "objectively unreasonable."  *Id.*

Here, the trial court found that the government's justification for the delay was the open investigation into Binno's murder, and that Shammam suffered "some prejudice," the "sole basis" of which was that "memories of both civilian and law

6

enforcement witnesses [had] faded due to the lapse of time."[2] The trial court concluded that such circumstances did not amount to a due process violation, and the Court of Appeal affirmed that determination. This was not an objectively unreasonable application of *Lovasco*, which holds that an investigation justifies a pre-indictment delay even if some prejudice to the defendant results. 431 U.S. at 796 ("[T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time.").

Shammam contends that an investigation must be active in order to outweigh prejudice to the defendant. There is no clearly established Supreme Court authority so holding. *Lovasco* suggests that a defendant may show the state acted "to gain [a] tactical advantage over the accused" – conduct that is akin to bad faith – to render investigative delay unjustified. *See id.* at 795 (internal quotation marks omitted). Here, the Court of Appeal concluded that Shammam had not "carried his burden on appeal to show that there is insufficient evidence to support the [trial] court's

---

[2] To the extent Shammam makes other claims of prejudice, such as lost opportunity to impeach prosecution witnesses, he has not shown the trial court "plainly misapprehend[ed] or misstate[d] the record," *Milke*, 711 F.3d at 1008, in finding he failed to prove those claims.

7

finding that the investigation was, instead, negligently conducted, intentionally delayed, or otherwise unjustifiably delayed."

Requiring a defendant to show more than a period of investigative inactivity comports with *Lovasco*'s teaching that it is appropriate for a prosecutor to wait to seek an "indictment[] until he is completely satisfied that he . . . will be able promptly to establish guilt beyond a reasonable doubt." 431 U.S. at 795 (holding the "Due Process Clause does not require" courts to "[p]enaliz[e] prosecutors who defer action" because they lack evidence to prove guilt). A prosecutor who has not sought an indictment for this reason may also reasonably choose to devote less attention to a case as time passes and fewer leads arise. Standing alone, this does not amount to bad faith and does not constitute a violation of the defendant's due process rights.

**AFFIRMED.**